CELEDONIO ALVAREZ, Plaintiff and Appellee, *v.* ANTONIO CANDELARIO ET AL., Defendants and Appellants.

No. 3975. Argued January 21, 1927.—Decided July 12, 1927.

*A. Marín Marién* for the appellants. *Luis Freyre Barbosa* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Celedonio Alvarez brought an action against the heirs of Francisca Clemente to compel them to execute a public deed to a property sold to him by Francisca Clemente fourteen years before, consisting of a condominium of one-fourth of a lot measuring 5,862 square meters in the ward of Machuchal, Santurce.

The case went to trial. Both parties introduced evidence and the court rendered judgment against the defendants. They appealed and assign in their brief ten errors, all referring to the weighing of the evidence.

In support of his judgment the district judge delivered a carefully considered opinion. We have reviewed the evidence and although we find that it leaves something to be desired, we can not hold that it does not support the conclusions of the district judge. The appellants' brief reveals a painstaking and intelligent examination of the evidence and consists of twenty-two compact typewritten pages. We have considered all of the assignments in the light of the jurisprudence therein cited as applicable to the facts of the case and although we acknowledge the force of the argument, we do not feel justified in substituting our judgment for that of the trial judge. This is one of those cases where the credibility merited by the witnesses who

testify before the court has decisive importance, and the trial judge, who was in a better position to judge than we are, gave credence in an open and express manner to the witnesses for the plaintiff.

The action involves a parcel of land in Santurce. Thirty or forty years ago the land in that section was worth very little. It was sold by acres and not by meters. Today its value is much more. María, Micaela, Juan and Francisca Clemente were the owners of the whole of the property in question, but their titles were not recorded in the registry of property. There is no controversy in regard to this point.

It is alleged in the complaint that about fourteen years before Francisca Clemente sold her interest in the property to plaintiff Celedonio Alvarez for $558.60 cash; that the sale was witnessed in a private document; that the vendor died without having executed the corresponding public deed; that the purchaser entered into possession at the time of the purchase and was respected therein by the defendant heirs when the death of the vendor occurred; that in 1924 a dominion title proceeding was brought wherein the defendants were made to appear as joint owners, and that they promised to execute later a deed in favor of the plaintiff, but failed to do so. Hence the suit.

The plaintiff testified in order to prove the sale. His testimony, if true, would be sufficient of itself, and the court gave it full credit.

The plaintiff could not produce the document. He said that he kept it in his house, which was a straw hut, and it was destroyed together with the hut by fire. The fact of the burning of the house was shown also by another witness. The plaintiff testified that Pedro Falú was the witness to the document but could not be called as a witness because he died before the date of the trial.

The plaintiff was a poor man, earned very little and had a large family. He could neither read nor write. He said

that he had saved $315 and had secured the balance from his brothers. It was they who settled on the land and have been living thereon ever since.

The difficulty in securing the money, the destruction of the document, and the death of the vendor and of the only witness to the contract are indeed unfavorable to the plaintiff. His demeanor, his manner of testifying, and his apparent honesty must have had a great deal of influence on the mind of the trial judge. The fact of the uninterrupted possession during fourteen years must have had some influence also.

There was other evidence. One of the joint owners, Ursula Urguijo, a daughter of one of the Clementes, seemed to have been informed of the sale to Alvarez, although by hearsay, and admitted the possession by Alvarez and his *pro rata* contribution with the other owners in the payment of the taxes. The testimony of another of the co-owners, Guillermo Ramos, was also favorable to the plaintiff.

It so happened that at last a time came when the owners were unable to pay the taxes and they applied to a man of means and knowledge, Candido Fernández. He offered to advance the money and bring dominion title proceedings if they would let him have a building lot of six·hundred square meters. They agreed and Fernández finally not only received what had been promised him, but also became the owner of a three-fourths interest in the property, thus becoming the only other co-owner, whether with the plaintiff or with the defendants. At the trial Fernández testified in part as follows:

''I know that Celedonio Alvarez owns a property in Machuchal because I took part, or rather, I bought three-fourths from the Clemente heirs. They had no deed and when the deed was made the heirs of Candelario were summoned; that Alvarez appeared also before attorney De Jesús in a dominion proceeding; that they admitted that their mother had sold that lot to Celedonio Alvarez and when De Jesús advised them that if the instrument was made

in their favor they would have to give it to Alvarez their answer was that they had no objection, provided he paid the $20 that he still owed."

The appellants make extraordinary efforts in their brief to controvert the testimony of Fernández and succeed in establishing some contradictions. However, the statement by Fernández that the defendants had admitted that the property had been sold to the plaintiff was left and the trial judge believed it entirely. Although we may have some doubts, they are not sufficient under the circumstances of the case to change the judgment of the court *a quo*.

The evidence of the defendants consisted of the dominion title proceeding which showed that they were the joint-owners of record of the interest in question, and of the testimony of Pedro Figueroa, Antonio Candelario and the said Candido Fernández.

Fernández ratified his previous testimony. Figueroa attempted to show that certain particulars of the testimony of Fernández were untrue and that the interest of Fernández was opposed to that of the defendants, and defendant Candelario denied the admissions imputed to him by Fernández and testified in a vague manner on the history of the case.

It is insisted that the plaintiff should have produced as a witness the attorney who, according to Fernández, canceled the institution of the dominion title proceeding in the names of the defendants as to the joint interest in question so that the defendants might execute the deed of sale to the plaintiff, and heard the admissions of the defendants. His testimony would have been of exceptional importance, perhaps decisive, but without it, as the court believed the plaintiff and Fernández, the case is weaker although not without a basis.

By virtue of the foregoing reasons, and without stopping to analyze one by one the ten assignments of error, which would lengthen this opinion considerably, we are of the opinion that the judgment appealed from should be affirmed.